IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| ESTATE OF MELVIN LAWRENCE REED, SR., by Co-Personal Representatives Norma Reed and Michelle Reed and heirs, Norma Reed, Melvin Reed, Jr. and Michael Reed,<br>　　　　　　　　　　　Plaintiffs,<br>vs.<br>UNITED STATES OF AMERICA, COX-MONETT HOSPITAL, INC., and FRANCISCO R. ESPARRAGO, M.D.,<br>　　　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 05-5066-CV-SW-FJG<br>)<br>)<br>)<br>)<br>) |

## ORDER

Pending before this Court are (1) Separate Defendants Cox-Monett Hospital, Inc. and Francisco R. Esparrago, M.D.'s Motion to Remand (Doc. No. 30); (2) Separate Defendants Cox-Monett Hospital, Inc. and Francisco R. Esparrago, M.D.'s Motion for Transfer of Venue (Doc. No. 28); and (3) Separate Defendants Cox-Monett Hospital, Inc. and Francisco R. Esparrago, M.D.'s Motion for More Definite Statement (Doc. No. 32). Each will be considered below.

**I.　Background**

Plaintiff, the estate of Melvin Reed, Sr., filed its complaint for wrongful death on June 7, 2005, in this Court. Plaintiff's original complaint was filed under the Federal Tort Claims Act against the United States of America. Plaintiff alleges that Mr. Reed had abdominal surgery performed at the Veterans Administration ("V.A.") Hospital in Little Rock, Arkansas. Plaintiff alleges that the surgeons for the V.A. were negligent in the surgery by failing to secure intestinal segments and failing to ensure an adequate blood supply. Decedent was released from the V.A. hospital on February 11, 2004, and died three days later.

On April 3, 2006, plaintiff filed a motion to amend the complaint to allege claims against Cox-Monett Hospital, Inc. and Francisco R. Esparrago, M.D. (Doc. No. 21). On May 1, 2006, plaintiff's motion was granted (Doc. No. 24), and plaintiff filed its amended complaint on the same date (Doc. No. 25). On May 26, 2006, defendants Cox-Monett

Hospital, Inc. and Francisco R. Esparrago, M.D., filed the pending motions.

Plaintiff alleges that two days after being released from the V.A. hospital, decedent developed abdominal pain, and his family was told after calling the V.A. hospital to go to the nearest medical facility. See Doc. No. 34, plaintiff's response to the motion to remand. Decedent was then transported to defendant Cox-Monett Hospital. Plaintiff alleges that decedent was diagnosed by defendant Dr. Esparrago with post-surgical infection and anastomotic leak. Id. However, instead of performing surgery right away, plaintiff alleges that Dr. Esparrago waited and sent decedent to Cox-South Hospital in Springfield by ground ambulance the following day, where he died shortly after transport. Id.

## II. Motion to Remand (Doc. No. 30)

Defendants Cox-Monett Hospital, Inc. and Francisco R. Esparrago, M.D., move to remand the claims against them to the Circuit Court of Barry County, Missouri. This case was originally filed on June 7, 2005, in this Court, and the claims against defendants Cox-Monett Hospital, Inc. and Francisco R. Esparrago, M.D. (residents of Missouri, as is plaintiff) were added on May 1, 2006. The Court is aware of no authority[1] that would allow it to remand a case (or a part thereof) to a state court when the case was originally filed in federal court; the statute governing remand, 28 U.S.C. § 1447(c), applies to cases that are removed to federal court from state court. For that basis alone, this motion should be **DENIED.**

In addition, even if the Court were to consider this a motion for discretionary decline of supplemental jurisdiction[2], such a motion would be denied.

First, contrary to defendants' suggestions, the claims against them and separate defendant United States derive from a common nucleus of operative fact, such that

---

[1] Defendants cite to no authority for the proposition that the Court may remand a case that was originally filed in federal court; plaintiff does not respond to this point in its brief.

[2] Grant of such a motion would lead to a dismissal without prejudice, not remand, when the case was filed originally in federal court.

2

supplemental jurisdiction is appropriate over defendants pursuant to 28 U.S.C. § 1367. See United Mine Workers of American v. Gibbs, 383 U.S. 1130, 1138 (1966). 28 U.S.C. § 1367 provides that "the district courts shall have supplemental jurisdiction over all . . . claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." "[A]n action . . . against an alleged joint tortfeasor is part of the same case or controversy." Timbrook v. Metzeler Automotive Profile Systems Iowa, Inc., 209 F.R.D. 154, 156 (S.D. Iowa 2002). As discussed in Brickner v. Normandy Osteopathic Hosp., Inc., 687 S.W.2d 910, 912 (Mo. App. E.D. 1985), death of a patient was found to be a single, indivisible harm, and "Health care practitioners may become joint tortfeasors if their independent acts of malpractice combine to cause a single injury." Here, plaintiff alleges independent acts of negligence by the surgeons at the V.A. hospital as well as Dr. Esparrago and Cox-Monett Hospital, all of which are alleged to have led to the death of Mr. Reed. Therefore, the claims against defendants Esparrago and Cox-Monett Hospital are part of the same case or controversy as the claims against the United States, and this Court may exercise supplemental jurisdiction over those claims.

Second, the Court is not inclined to exercise its discretion to decline supplemental jurisdiction. According to 28 U.S.C. § 1367(c),

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, or
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Defendants, in their original motion, do not argue that subsections (1) through (3)

3

of 28 U.S.C. § 1367(c) are met. Instead, defendants appear to argue that this Court should decline to exercise supplemental jurisdiction due to the "exceptional circumstances" of this case, because the claims against the United States under the Federal Tort Claims Act must be tried without a jury, whereas the claims against Cox-Monett Hospital, Inc. and Francisco R. Esparrago, M.D. would be tried before a jury. However, as discussed by plaintiff in its response, long ago the United States Supreme Court held that jury and non-jury claims in a Federal Tort Claims Act case may be heard in one federal case. See United States v. Yellow Cab Capitol Transit Co., 340 U.S. 543, 555-56 (1951) (setting out possible solutions for holding jury and non-jury proceedings in the same matter). The Court will not decline to exercise supplemental jurisdiction for this reason.

In their reply brief, defendants further suggest that the Court should decline to exercise supplemental jurisdiction "due to complex issues of state law," noting that there are choice of law issues in this matter (the original surgery occurred in Arkansas, but plaintiff's follow-up care occurred in Missouri and plaintiff died in Missouri), as well as issues as to whether Missouri's new tort reform legislation would apply in this case (and if so, as to which parties). The Court finds these issues are not particularly complex, and are well within this Court's ability to resolve. The Court will not decline to exercise supplemental for these reasons.

Therefore, for all the above-stated reasons, separate defendants Cox-Monett Hospital, Inc. and Francisco R. Esparrago, M.D.'s Motion to Remand (Doc. No. 30) will be **DENIED.**

### III. Motion for Transfer of Venue (Doc. No. 28)

Defendants Cox-Monett Hospital, Inc. and Francisco R. Esparrago, M.D., move to transfer venue to the Southwestern Division of this Court. Plaintiff opposes this motion. However, neither plaintiff nor the moving defendants appear to realize that this case is already pending in the Southwestern Division (and has been so since it was filed).[3]

---

[3]Every Order entered by the Court in this matter has indicated that the case is pending in the Southwestern Division of this Court. See Captions to Doc. Nos. 5, 7, 12,

4

Defendants' motion (Doc. No. 28) is **DENIED AS MOOT.** [4]

IV.     **Motion for More Definite Statement (Doc. No. 32)**

Defendants Cox-Monett Hospital, Inc. and Francisco R. Esparrago, M.D., move for a more definite statement. In particular, defendants note that while the amended complaint states that defendants were negligent and directly caused or contributed to cause the death of Melvin Reed, Sr., defendants state that plaintiff has not alleged <u>how</u> they were negligent or caused Mr. Reed's death.

Plaintiff responds that the amended complaint sets out the dates of treatment by defendants, that the treatment was negligent, and the negligence directly caused or directly contributed to cause the death of Melvin Reed, Sr. Plaintiff states that is sufficient under the notice pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff further notes that it has filed an affidavit from a physician indicating that these defendants were negligent. <u>See</u> Doc. No. 23.

Fed.R.Civ.P. 12(e) states in part, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." In <u>Dillon v. Brown County, Nebraska</u>, No. 8:02CV108, 2003 WL 820570 (D.Neb. Mar. 3, 2003), the Court stated,

> [a] motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable. . . . Motions for a more definite statement are rarely granted, however, in light of the liberal notice pleading standard of Federal Rule of Civil Procedure 8 and the liberal discovery available to both sides. . . .
>
>     Motions under Rule 12(e) are designed to strike at unintelligibility in a pleading rather than want of detail.

---

13, and 24.

[4]The Court further notes that the trial in this matter has been set in Kansas City, Missouri. Local Rule 3.2(c) provides that "the Court retains discretion to fix the location where any courtroom proceedings are held." Although the trial has been set to occur in Kansas City, Missouri, that does not mean that the divisional venue of this matter has been changed to the Western Division.

5

Id. at *4 (internal citations and quotations omitted).

Here, defendants are concerned with "want of detail," not unintelligibility. Plaintiff's amended complaint does not have a major ambiguity or omission that renders it unanswerable. Therefore, defendants' motion for more definite statement (Doc. No. 32) is **DENIED.**

**IT IS SO ORDERED.**

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge

Dated: July 20, 2006
Kansas City, Missouri