## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | |
|---|---|
| ESTATE OF MELVIN LAWRENCE REED, SR., by Co-Personal Representatives Norma Reed and Michelle Reed and heirs, Norma Reed, Melvin Reed, Jr. and Michael Reed, <br><br>  Plaintiffs, <br> vs. <br><br> UNITED STATES OF AMERICA, COX-MONETT HOSPITAL, INC., and LESTER E. COX MEDICAL CENTERS, <br>  Defendants. | ) ) ) ) ) ) ) ) No. 05-5066-CV-SW-FJG ) ) ) ) ) |

## ORDER

Pending before this Court are (1) Defendant United States of America's Motion to Strike Plaintiffs' Experts or, Alternatively, to Exclude Plaintiffs' Experts' Opinion Testimony (Doc. No. 73); and (2) Defendant United States of America's Motion to Strike Defendants Cox-Monett Hospital, Inc. and Lester E. Cox Medical Centers' Experts (Doc. No. 81).

**I.   Motion to Strike Plaintiff's Experts (Doc. No. 73)**

Defendant United States moves to strike the plaintiff's experts, or in the alternative to exclude their expert opinion testimony for several reasons. Defendant notes that on February 28, 2007, plaintiff served defendants its expert disclosures (certificate of service of same is Doc. No. 71). Plaintiff did not file its disclosures with the Court, nor did plaintiff file copies of its expert affidavits with the Court.

Defendant first notes that Dr. James M. Balliro was identified as an expert witness in accordance with Fed. R. Civ. P. 26(a)(2), and plaintiff provided a copy of Balliro's CV and his "report" to defendants. Defendant states that the report should be stricken because it was (1) not filed with the Court as required by paragraph 7(d) of the Scheduling Order (Doc. No. 45); and (2) not filed in affidavit form, as required by paragraph 7(a)(1) of the Scheduling Order (Doc. No. 45).

Second, with respect to the purported expert reports of Drs. Niazy Selim, Julio Arias, Francisco Esparrago, Martin Jones, and Douglas Anderson, defendant states that all were

treating physicians of Melvin Reed, Sr. Instead of submitting an expert report, plaintiff stated that with regard to these treating physicians, "their sworn deposition testimony previously taken in this cause including all exhibits thereto is hereby incorporated as their report required by Rule 26(a)(b) [sic], as well as the written discovery responses by said physicians." Defendant states that this does not comply with the Scheduling and Trial Order (Doc. No. 45, ¶ 7). As noted in the Order, "A treating physician will be considered a fact witness when testifying as to information developed or opinions drawn during the treatment of a patient *so long as the information or opinions were necessary in furtherance of the patient's treatment.*" Doc. No. 45, p. 5, ¶ 7(e)(1), emphasis added. Defendant notes the Scheduling Order further requires that if the physician is testifying as an expert (by providing testimony as to medical matters unrelated to the patient's actual care and treatment administered, previous treatment, opinions developed or acquired in anticipation of litigation, etc.), an expert affidavit must be submitted. Doc. No. 45, ¶ 7(e). Additionally, the expert affidavit must be submitted <u>before</u> any deposition is conducted. Fed. R. Civ. P. 26(b)(4)(A). Defendant states that the evidence elicited at various depositions goes beyond simple fact witness testimony, and to the extent it ventures into expert witness testimony, plaintiff was <u>required</u> to submit expert affidavits from each purported expert.[1]

In response, plaintiff filed a brief that exceeds the page limit established by Local Rule 7.1(f). Plaintiff did not seek leave of Court to file an over-length brief. Plaintiff is cautioned that in the future, briefs that exceed the page limit established by the Local Rules shall be <u>stricken</u> without further notice, unless plaintiff files a motion for leave to exceed the page limit providing reasons why plaintiff's arguments could not be made within the limits specified by the local rules. In the circumstances of the present issue, however, the Court

---

[1] Defendant also notes that, to the extent that the witnesses are or have been employees of the United States, they cannot testify as expert witnesses for a party adverse to the United States. 5 C.F.R. § 2635.805(a)-(b). At this stage, the Court finds it does not need to reach this issue, as plaintiff has not yet produced a proper expert affidavit from either of the government witnesses; if expert affidavits are not produced as to these witnesses, they will not be allowed to testify as experts on behalf of plaintiff at all.

2

will consider plaintiff's response brief.

Plaintiff argues that (1) "there is nothing in Rule 26(a)(2)(B) which requires an affidavit from an expert witness," and the Court's Scheduling and Trial Order does not create an independent duty for the report to be filed in affidavit form; (2) as "there is no requirement for an affidavit, there cannot be a failure to file an affidavit," arguing that the Scheduling and Trial Order only refers to filing of expert <u>affidavits</u>, not expert <u>reports</u>; (3) the physician witnesses will all be testifying as fact witnesses, not expert witnesses; and (4) the distinction between an expert report and an expert's testimony amounts to "putting form over function", as defendant will not be surprised by the testimony or otherwise experience any unfair disadvantage, further noting that getting an actual report from Dr. Esparrago would be impossible as the hospital's counsel has indicated that Esparrago could not prepare an expert report for plaintiff.

The Court notes that plaintiff's views about the Court's Scheduling and Trial Order do not comport with the plain language of the Scheduling and Trial Order. The Scheduling and Trial Order (Doc. No. 45) is <u>filled</u> with references to expert affidavits, and the Court may require the report to be submitted in affidavit form, regardless of the contents of the Federal Rules of Civil Procedure. <u>See</u> Fed. R. Civ. P. 26(a)(2)(B). Thus, the parties are <u>required</u> to submit their reports in affidavit form. Furthermore, the plain language of the Scheduling and Trial Order <u>requires</u> that expert affidavits be filed with the Court. <u>See</u> Doc. No. 45, ¶ 7.a.2.d. Although plaintiff has now missed the deadline for filing Dr. Balliro's expert affidavit, the Court in its discretion[2] will allow plaintiff until **May 25, 2007**, to conform Dr. Balliro's expert statement to the requirements of the Court's Scheduling and Trial Order. Otherwise, plaintiff is cautioned that Dr. Balliro's report will be stricken.[3]

---

[2]Given that defendants' expert affidavits were due on April 30, 2007, and rebuttal affidavits and challenges are not due until the middle of June 2007, the Court finds that defendant will not be particularly prejudiced by this brief extension of time.

[3]The Court notes that, contrary to plaintiff's assertion, defendant United States did not submit a copy of Dr. Balliro's report to the Court for review. To-date, the Court has not seen the contents of this report.

The Court further notes that the analysis of whether an expert affidavit of a treating physician is required is set out in the Court's Scheduling and Trial Order (Doc. No. 45, ¶ 7(e)(1), (2), and (3)). If an expert affidavit is required, deposition testimony cannot serve as a substitute for an affidavit. To the extent that plaintiff is seeking to present expert testimony from the treating physicians[4], plaintiff is allowed until **May 30, 2007**, to obtain an expert affidavit from each of plaintiff's treating physicians and to file same with the Court. Plaintiff is cautioned that if the treating physicians do not submit expert affidavits, the treating physicians' testimony will be limited to fact witness testimony (see Doc. No. 45, ¶ 7(e)(1)).

## II. Motion to Strike Cox-Monett Hospital, Inc. and Lester E. Cox Medical Centers' Experts (Doc. No. 81)

Defendant United States moves to strike certain of Cox-Monett Hospital, Inc. and Lester E. Cox Medical Centers' named experts, including doctors Esparrago, Jones, Anderson, and Coulter.[5] Defendant United States' motion is based on the same rationale that the Court found persuasive with respect to plaintiff's experts: none of the four experts named in the preceding sentence have provided an expert affidavit. Instead, Cox-Monett Hospital, Inc. and Lester E. Cox Medical Centers indicate that "[t]o the extent that Drs. Francisco Esparrago, Martin Jones and Douglas Anderson are to be considered as expert witnesses pursuant to paragraph 7.e.2 of the Court's Order, their sworn deposition

---

[4]The Court notes that in the United States' motion to strike the hospital defendants' expert disclosures (Doc. No. 81), the United States requests that the Court also strike Dr. Coulter as an expert witness for plaintiff, as Dr. Coulter has not provided an expert report nor has he been deposed. The Court will allow plaintiff until **May 30, 2007**, to file Dr. Coulter's expert affidavit; otherwise, he will be precluded from testifying as an expert as well.

[5]The Court notes Cox-Monett Hospital, Inc. and Lester E. Cox Medical Centers have recently filed a motion for extension of time (Doc. No. 82) to respond to the pending motion to strike their experts. The Court finds that, given the parties' obvious failure to comply with the Scheduling and Trial Order as to proper expert witness disclosures, it does not need to review a response in order to rule on the pending motion to strike. Accordingly, the Court will **DENY** the motion for extension of time (Doc. No. 82) as **MOOT.**

4

testimony previously taken in this cause including all exhibits thereto is hereby incorporated as their report required by Rule 26(a)(b) [sic], as well as the written discovery responses by said physicians." Further, defendant United States notes that purported witness Coulter has not supplied an expert report, nor has he been deposed.

As stated above, the analysis of whether an expert affidavit of a treating physician is required is set out in the Court's Scheduling and Trial Order (Doc. No. 45, ¶ 7(e)(1), (2), and (3)). If an expert affidavit is required, deposition testimony cannot serve as a substitute for an affidavit. To the extent that defendants Cox-Monett Hospital, Inc. and Lester E. Cox Medical Centers are seeking to present expert testimony from Drs. Esparrago, Jones, Anderson, and Coulter, defendants are allowed until **May 30, 2007**, to obtain an expert affidavit from each of these physicians and to file same with the Court. Defendants are cautioned that if these physicians do not submit expert affidavits, the physicians' testimony will be limited to fact witness testimony (see Doc. No. 45, ¶ 7(e)(1)).

**IT IS SO ORDERED.**

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated: 5/11/07
Kansas City, Missouri